IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| CHRISTINE RYNKIEWICZ | : | NO.: _____ |
| 3205 Stockton Place | : | |
| Holland, PA 18966 | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEER MEADOWS HOME HEALTH & | : | |
| SUPPORT SERVICES, LLC | : | |
| 8301 Roosevelt Blvd. | : | |
| Philadelphia, PA 19152 | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Christine Rynkiewicz ("Plaintiff"), by and through her undersigned attorneys, for her Complaint against Defendant, Deer Meadows Home Health & Support Services, LLC ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant violated the FLSA by discriminating against and ultimately terminating her in retaliation for engaging in protected activity under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action under the FLSA for monetary damages to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

4. This action is authorized and initiated pursuant to the FLSA.

5. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

7. Plaintiff is a citizen of the United States and Pennsylvania, and currently maintains a residence at 3205 Stockton Place Holland, PA 18966.

8. Upon information and belief, Defendant is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 8301 Roosevelt Blvd. Philadelphia, PA 19152.

9. Defendant is an employer as defined by the FLSA.

10. Plaintiff was an employee who was employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the protections of the FLSA.

11. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the preceding paragraphs as though the same were fully set forth at length herein.

13. Plaintiff began her employment with Defendant in or around 2013, when she was hired as an Administrative Assistant.

14. Plaintiff was later promoted to the position of Human Resources Coordinator.

15. Throughout her employment, Plaintiff was part-time and worked approximately two (2) days a week.

16. At all times material hereto, Plaintiff performed her job well, receiving occasional praise and no justifiable discipline.

17. Plaintiff's husband, Stanley Rynkiewicz, was also employed by Defendant in the position of Administrator.

18. On or about August 14, 2025, Mr. Rynkiewicz notified Defendant four (4) weeks in advance that he would be resigning from his position effective September 12, 2025, and requested that Defendant compensate him for his accrued and unused paid time off ("PTO").

19. Pursuant to Defendant's Employee Handbook, employees who give at least two (2) weeks' written notice of their resignation are entitled to payment for accrued and unused PTO.

20. Mr. Rynkiewicz ultimately resigned on or about September 2, 2025, which was still more than two (2) weeks after he had notified Defendant on or about August 14 that he would be resigning.

21. Defendant refused to compensate Mr. Rynkiewicz for his unused PTO.

22. Defendant also refused to compensate Mr. Rynkiewicz for forty (40) hours of work performed for the payroll period beginning on August 25, 2025, and ending on September 7, 2025, in violation of the FLSA.

23. Mr. Rynkiewicz subsequently filed a complaint with the Pennsylvania Department of Labor (the "DOL Complaint") alleging that Defendant had unlawfully withheld from him the aforementioned wages.

24. Mr. Rynkiewicz's DOL Complaint regarding Defendant's unlawful withholding of wages constituted protected activity under the FLSA.

25. Plaintiff assisted her husband in the preparation of the DOL Complaint, and in doing so, engaged in protected activity under the FLSA.

26. Upon information and belief, Defendant received notice of the DOL Complaint on or about December 1, 2025.

27. On or about December 1, 2025, Defendant's Executive Director Larry Blacker asked Plaintiff if she would be interested in applying for a full-time HR position, to which Plaintiff responded that she would consider doing so.

28. Mr. Blacker did not communicate a date by which he expected Plaintiff to apply to the full-time HR position.

29. On or about December 17, 2025, Defendant abruptly terminated Plaintiff's employment effective December 29, 2025.

30. Defendant's alleged reason for Plaintiff's termination was that she had not yet applied for the full-time HR position.

31. As stated above, however, Defendant had not provided Plaintiff with a due date for said application.

32. It is believed, and therefore averred, that Defendant's alleged reason for Plaintiff's termination was pretextual, and that Defendant terminated Plaintiff in retaliation for engaging in protected activity under the FLSA.

33. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 215, *et seq.*
## <u>RETALIATION</u>

34. Plaintiff incorporated the preceding paragraphs as though the same were fully set forth at length herein.

35. Plaintiff and her husband engaged in protected activity under the FLSA.

36. Shortly thereafter, Defendant retaliated against Plaintiff and her husband by terminating Plaintiff's employment.

37. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the FLSA by discharging Plaintiff in retaliation for her and her husband engaging in protected activity under the FLSA.

38. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Back wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Liquidated damages in accordance with the FLSA;

    C.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    D.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

    E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

    F.    Pre-judgment interest in an appropriate amount;

    G.    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ *Johannes Hoffman*
          Johannes Hoffman, Esq.
          Eight Penn Center, Suite 2000
          1628 John F. Kennedy Blvd.
          Philadelphia, PA 19103
          TEL: 267-273-1054
          FAX: 215-525-0210
          jhoffman@phillyemploymentlawyer.com
          *Attorney for Plaintiff*

Dated: January 27, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.