IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE RYNKIEWICZ,** <br> **Plaintiff,** <br><br> **v.** <br><br> **DEER MEADOWS HOME HEALTH &** <br> **SUPPORT SERVICES, LLC,** <br> **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO.  26-525** |

### MEMORANDUM OPINION

Christine and Stanley Rynkiewicz are a married couple formerly employed by Deer Meadows Home Health and Support Services, LLC ("Deer Meadows").  Mrs. Rynkiewicz alleges she was fired in retaliation for helping her husband file an unpaid-wages claim against Deer Meadows, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*  Deer Meadows has moved to dismiss her one-count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).[1]  For the reasons below, its motion will be denied.

The allegations from the complaint, set forth as follows, are taken as true at this stage. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  For over a decade, Mrs. Rynkiewicz worked first as an Administrative Assistant and then as a Human Resources Coordinator at Deer Meadows, a non-profit corporation based in Philadelphia.  Throughout her

---

[1] In the alternative, it attaches materials extraneous to the complaint and seeks summary judgment.  *See* Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56.  At this early stage, the Court declines to convert the motion into one for summary judgment.  Furthermore, following the 12(b)(6) procedures, Deer Meadows's arguments relying on those documents will not be considered.  That is because, with limited exceptions that Deer Meadows has not shown apply here, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

tenure, she was a part-time employee working approximately two days a week.

Her husband also worked at Deer Meadows as an Administrator.  On or about August 14, 2025, he gave the company four-weeks' notice of his intention to resign.  The Employee Handbook provides that employees who give at least two-weeks' written notice are entitled to compensation for accrued and unused paid time off ("PTO").  Accordingly, in his resignation notice, Mr. Rynkiewicz requested payment for his unused PTO.  He ultimately resigned earlier than planned—nineteen days after giving notice—but still many days past the Handbook's payout-eligibility window.

When Deer Meadows refused to pay for the unused PTO and also denied him a week's worth of pay, Mr. Rynkiewicz—with his wife's assistance—prepared and filed a complaint with the Pennsylvania Department of Labor ("DOL") alleging that wages had been unlawfully withheld from him.  Deer Meadows received notice of that complaint on or about December 1, 2025.

That same day, Mrs. Rynkiewicz was asked if she was interested in applying for a full-time human resources position.  She responded that she would consider doing so.  No application timeframe was given.  On or about December 17, Deer Meadows told her that she was fired, effective December 29, because she had not yet applied for the full-time position.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare" recitations of the elements of a claim supported only by "conclusory

statements" will not suffice.  *Id.* at 683.  Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation.  *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555).

On a motion to dismiss, a complaint is construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler*, 578 F.3d at 210 (citation omitted).  Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief."  *Id.* at 210-11.

Turning to the merits of the motion, Deer Meadows argues Mrs. Rynkiewicz fails to state a claim for FLSA retaliation.  The FLSA's anti-retaliation provision makes it unlawful for employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."  29 U.S.C. § 215(a)(3).  FLSA enforcement relies principally on "information and complaints received from employees seeking to vindicate rights claimed to have been denied."  *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).  To enable effective enforcement, the anti-retaliation provision seeks to prevent employer conduct that might chill complaints and "induce aggrieved employees quietly to accept substandard conditions."  *Id.*  Section 215(a)(3) must be construed in light of that purpose.  *See Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir. 1987) (explaining that "the key to interpreting the anti-retaliation provision is the need to prevent employees' fear of economic retaliation for voicing grievances about substandard conditions" (internal quotation marks omitted)); *Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 270 (3d Cir. 2022) (reaffirming that "the guiding principle of interpreting Section [215(a)(3)] is to prevent a

3

fear of retaliation from chilling employees' assertion of FLSA rights").

As the movant, Deer Meadows "bears the burden of showing that no [retaliation] claim has been presented." *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcore, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). It has failed to carry its burden.

Rynkiewicz argues that her claim is sufficient under a third-party retaliation theory. *See* Fed. R. Civ. P. 8(d)(2) (authorizing plaintiffs to plead alternative bases for liability). That is, she argues that Deer Meadows fired her in order to retaliate against *her husband* for filing his DOL Complaint. Moreover, she maintains that the FLSA provides her with a cause of action to vindicate her injury, even though it stems from Deer Meadows's retaliation against her husband. *See* 29 U.S.C. § 216(b) (providing that "[a]n action to recover" liability under § 215(a)(3) "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves"). As support, she notes that the Supreme Court has held that a different employment statute, Title VII, recognizes third-party retaliation claims for circumstances like those here. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 175, 178 (2011) (holding that a couple's mutual employer committed unlawful retaliation when it fired the woman's fiancé after she filed an EEOC complaint, and further concluding that her fiancé had a cause of action as "a person aggrieved with standing to sue"); *id.* at 177 (rejecting the argument that only "the person who was the subject of unlawful retaliation" could bring suit, characterizing that position as "artificially narrow"). Rynkiewicz's third-party retaliation theory has gone unaddressed by Deer Meadows, who did not anticipate the argument in its opening brief and did not file a reply responding to it directly.

Accordingly, without expressing a view as to the viability of Rynkiewicz's third-party

retaliation theory, the Court will deny Defendant's Motion.

An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

**WENDY BEETLESTONE, C.J.**